THE STATE OF NEBRASKA, EX REL. JOHN H. RUSTMEYER ET AL., V. EUGENE MOORE.

Court Reporters: FEES. A person convicted of felony can require from the court reporter a copy of the testimony taken at the trial only at his own expense. And the reporter, if he so choose, may require his fees therefor to be paid in advance. The fact of the prisoner being without the means of making payment does not change the rule.

ORIGINAL application for mandamus.

*W. A. Marlow*, for the relator.

No appearance on the part of the respondent.

LAKE, J.

This is an application for a writ of mandamus to compel the defendant, who is the official stenographic

reporter for the sixth judicial district, to furnish from his short-hand report a copy of the testimony taken on the trial, in which the relators were convicted of murder in the second degree and sentenced to the penitentiary for the term of ten years, to the end that they may thus be enabled to prepare a bill of exceptions, and prosecute proceedings in this court.

The information, after setting forth the facts of the indictment, trial, conviction, and sentence of the relators, alleges in substance that they have requested of the defendant a long hand copy of said testimony, which he refuses to furnish, except upon the condition of his legal fees therefor first being either paid or secured to him. They further allege that they are wholly without the means themselves of complying with this demand.

It seems to be conceded by counsel for the relators that by the act of February 19th, 1877, providing for stenographic reporters for the district courts, and fixing their compensation, the condition imposed by the defendant is justified. And that it is so, there can be no doubt. Section 5 of this act declares that: " It shall be the duty of such reporter to furnish, on application of the district attorney or any party to a suit, in which a stenographic record of proceedings has been made, a long hand copy of the proceedings so recorded, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per hundred words, to be paid by the party requesting the same, except where such copy is required by the district attorney on the part of the state, in which case the reporter shall be paid by the county upon the certificate of the judge presiding." Laws 1877, p. 159.

It is sought, however, to avoid the force of that clause of this section which requires payment of the fees by the party requiring such copy, on the sole ground that,

being without the pecuniary means of making payment, .they are, by this exaction, practically deprived of all benefits intended to be secured to them by Section 23, Art. 1, of the constitution of this state, which declares that: " The writ of error shall be a writ of right in all .cases of felony." Wherefore it is contended that a transcript of the testimony should be furnished to them at the public expense.

But this position cannot be upheld. There is no conflict between this statute and the constitution in this particular, for while by the latter, one convicted of a felony is entitled to a writ of error as a matter of right, there is nothing in that instrument by which the duty of aiding him, either with money or counsel, in ·making application for it, is imposed upon the public.

It follows, therefore, that while a person convicted of a felony may require from the court reporter a long hand copy of the testimony taken at the trial, he can do so only at his own expense. And the reporter, if he so choose, may require his fees therefor to be paid in advance, and the fact of the prisoner being without the means of making payment will not change this rule.

WRIT DENIED.